DANIEL LYDICK, PLAINTIFF IN ERROR, V. LEVI
KORNER, DEFENDANT IN ERROR.

1. **Liquor Law**: APPEAL FROM ORDER GRANTING LICENSE. On the third day of October, 1881, the city council of F. overruled a remonstrance against granting a license to L. to sell intoxicating liquors. The parties presenting the remonstrance gave notice of an intention to appeal, but no transcript was filed nor was the case docketed in the district court until December 5th of that year. License was issued October 7th. *Held*, That as the law fixed no time in which to appeal, and as no undertaking was given, the appeal must be taken as soon as with reasonable diligence the transcript could be prepared and filed. And where an appeal was not perfected until sixty days from the date of the order appealed from the appellate court acquired no jurisdiction.

2. ———: LICENSE. A license issued after a reasonable time to take an appeal has elapsed, but before the same is taken, is valid, notwithstanding a notice of intention to appeal.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*Martin & Gilman*, for plaintiff in error.

*Amos E. Gantt* and *C. Gillespie*, for defendant in error.

MAXWELL, J.

On the seventeenth of August, 1881, the city council of Falls City passed an ordinance authorizing the issuing of licenses to sell intoxicating liquor, the amount required for the license being $500. On the twenty-sixth of that month, the plaintiff filed his petition and bond for license with the city clerk of that place, and paid the defendant, as city treasurer, the sum of $500 for the license. On the third of September a remonstrance was filed with said clerk opposing the issuing of license to the plaintiff. A number of witnesses were examined before the city council in support of the remonstrance, but on the thirtieth of September the

council decided that the remonstrance was not sustained, and overruled the same and decided to grant a license to the plaintiff. Notice was then given and entered on the record that an appeal would be taken to the district court. On the seventh of October the plaintiff's bond was approved and a license issued to him, and the defendant paid the $500 into the school fund. On the fifth day of December the transcript was filed in the district court, and on the sixteenth of that month the judge found in favor of the parties presenting the remonstrance and against the plaintiff. On the same day the plaintiff demanded from the defendant the $500 paid for the license, which was refused. He thereupon brought this action to recover the same.

Section three of "an act to regulate the license and sale of malt, spirituous, and vinous liquors," approved Feb. 25th, 1881, provides that: "If there be any objection, protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county board shall appoint a day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license." Comp. Stat., chap. 50.

Section four provides that: "On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as now provided by law in the district court, to be paid by the party calling said witnesses. The testimony on said hearing shall be reduced to writing and filed in the office of application, and if any party feels himself aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court, and such appeal shall be decided by the judge of such court upon said evidence alone."

There is no provision as to the time within which the appeal is to be taken. In section twenty-eight it is provided that: "In cases arising under this section appeals may be allowed as in cases of ordinary misdemeanor within the jurisdiction of justices of the peace."

In cases of misdemeanor an appeal must be taken immediately upon the rendition of judgment, and the party against whom the judgment is rendered must within twenty-four hours enter into a recognizance to the state in a sum not less than $100, etc. It is evident that this provision is not applicable to a case like that under consideration. Nor are we aware of any statute regulating the procedure in such cases. The question therefore is, where no undertaking is given or required in a case like that under consideration, within what time must an appeal be taken in order to stay the order or judgment of the tribunal granting license? An appeal to this court from a final order or decree of the district court may be taken within six months; from the county court or a justice of the peace to the district court within ten days; from the award of commissioners or the county judge allowing or rejecting a claim against an estate within thirty days; from the assessment of damages for land condemned by a railroad company within sixty days. In all these cases, except the last, where it is sought to stay the judgment the party appealing is required to give adequate security as evidence of his good faith in taking the appeal. And in cases where land is condemned for right of way the company is required to deposit the amount allowed with the county judge for the use of the party entitled thereto, while in cases appealed from a county judge or justice of the peace the execution of an undertaking to the adverse party within the time limited by law is a condition precedent to the right to appeal. In all these cases the statute fixing a certain number of days within which a party may appeal is properly an extension of the time within which an appeal may be taken. And while fixing a limit

within which to perfect the same its primary object is not a limitation but an extension. This being the case an appeal from the decision of a city council overruling a remonstrance against issuing a license to sell liquor must be taken immediately after the order is made. That is, as soon as the transcript can with reasonable diligence be prepared it must be filed in the district court and the case docketed. No undertaking is given to stay the proceedings, and the city council and the party applying for license have a right to know that an appeal has been taken. The testimony taken before the city council must be reduced to writing, and should be certified by the presiding officer as all the testimony taken, as the statute seems to require the judge of the district court to decide the case upon such evidence alone. In this case the transcript was not filed in the district court and the appeal docketed until sixty days after the order appealed from was made. This gave the district court no jurisdiction, and the license having been issued after a reasonable time had elapsed from the time the order appealed from was made and before any appeal was taken, was a valid license, and the mere notice of an intention to appeal without actually taking an appeal did not affect its validity. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.