JUDGMENT AFFIRMED.

THE other judges concur.

---

STATE, EX REL. THOS. HORN, A. GOSS, AND JOHN McKNIGHT, v. J. C. BONSFIELD, MAYOR, J. W. KERNS, CITY CLERK, WM. MATHEWSON, M. SCOTT, THOMAS McKNIGHT, J. W. DARRAH, GEORGE BERLIN, AND M. H. WELLER, COUNCILMEN OF THE CITY OF AUBURN, NEB., AND M. F. FORD.

1. **Liquors:** LICENSE: APPEAL. Where an application is made to the city council for a license to sell intoxicating liquors, to the issuance of which a remonstrance is filed, and upon a hearing a license is ordered to issue, it is the duty of the council, upon notice of appeal being given, to withhold the license until the expiration of a sufficient time within which an appeal may

be taken to the district court by the remonstrants. Where a license is issued and the appeal is taken, it is the duty of the council to recall such license, until the appeal is decided by the district court, and in case of their refusal mandamus will issue to compel action.

2.   ———: ———: ———.   An appeal to the district court from the decision of the city council, under the provisions of Sec. 4, Chap. 50, Compiled Statutes of 1887, is in no sense a proceeding in error, but is an appeal requiring a decision upon the merits of the case.

ORIGINAL application for mandamus.

*G. B. Beveridge* and *E. W. Thomas,* for relators.

*Frank Martin, W. H. Kelligar,* and *G. W. Cornell,* for respondents.

REESE, CH. J.

This is an application for a mandamus to respondents, the mayor and councilmen of the city of Auburn, to compel them to sign and certify to the district court the evidence taken on a hearing of an application for a license to sell intoxicating liquors, an appeal having been taken by the remonstrants, and that they be ordered to recall or revoke the license issued to respondent, Ford, during the pendency of such appeal.

It appears from the record that an application was made by Ford for a license; that a remonstrance was filed; that, upon a hearing of the application, a license was ordered to issue; that, at the same meeting at which the license was ordered, notice of an appeal was given, but that before an appeal could be perfected the license was issued. There is no doubt of the right of the appellants to a transcript of all the proceedings, upon the payment of legal fees therefor, and that part of the case will not be further noticed.

The real question in the case is, as to the effect of an appeal upon the license granted.

Sec. 4 of Chap. 50, Compiled Statutes of 1887, provides that, "On the hearing of any questions arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as is now provided by law in the district court, to be paid by the party calling the said witness. The testimony on said hearing shall be reduced to writing and filed in the office of application, but if any party feels himself aggrieved by the decision in said case he may appeal therefrom to the district court, and such testimony shall be transmitted to such district court, and such appeal shall be decided by the judge of such court upon said evidence alone."

No appeal bond is required, and no specific provision is made by which the decision of the board can be superseded, unless it is by the simple act of appealing as provided in this section.

In *Lydick v. Korner*, 13 Neb., 10, it was held that a statute fixing a time within which an appeal might be taken was properly an extension of the time in which to appeal, and that an appeal from the decision of the city council, over-ruling the remonstrance against the issuance of a license to sell liquor, must be taken immediately after the order was made, in order to confer jurisdiction upon an appellate court—the term "immediately" being defined to be as soon as a transcript could, with reasonable diligence, be prepared. This holding, in the opinion written by Judge MAXWELL, seems to be based upon the conclusion that it was essential that the city council should know when an appeal had been taken, the legitimate inference being, that the appeal would suspend further action by the council in the matter of the issuance of the license. This, too, seems to have been the intention of the legislature in the enactment of the section above quoted. No provision is made for a trial

upon the introduction of new evidence. The testimony given upon the hearing before the board must be reduced to writing, and the appeal decided by the district court upon such testimony alone, by the judge, without the intervention of a jury. It was evidently the purpose of the legislature that no delay should result from the appeal, except such as was caused by the time intervening before the next session of the district court, and that the appeal should be decided without any unnecessary delay. The appeal must serve as a suspension or vacation of the decision of the board, and until decided by the judge of the district court no action can be taken by the council or applicant in the matter of procuring the license.

The hearing was had before the board on the 4th day of June. At that time, as shown by the transcript of the proceedings before the town board, the license was granted, and a motion was made by the attorney for the remonstrants for appeal to the district court, which was declared out of order, and the board adjourned.

On the 7th day of the same month, and as soon as a transcript could be obtained from the city clerk, the appeal was perfected and notice served upon respondents. The license was issued on the 5th day of June. On the 8th day of the same month, and while the council was in session, relators requested respondents to recall the license, pending the appeal, which they refused to do. It therefore seems that the appeal was taken without delay; that ample notice was given to respondents and the applicants of the purpose to appeal, but that, notwithstanding such notice, the license was issued by the board and accepted by the applicant.

It is insisted by the counsel for respondents that the appeal provided for by the law governing the sale of intoxicating liquors is more of a proceeding in error than an appeal, and therefore the judgment of the city council could not be stayed without the filing of a supersedeas bond, as

provided by the law governing proceedings in error. We do not think this can be maintained. It is not a proceeding in error, either in name or effect. It is, in all its essential elements, an appeal from the decision of the city council upon the evidence submitted to them. The cause is resubmitted to the judgment of the district court upon that testimony. Upon that testimony the judgments of the council must stand or fall. The cause is disposed of, not upon any error assigned, but upon its merits. It is urged that by this holding a serious wrong would be committed upon the rights of the applicant; that an appeal can be taken by irresponsible parties, the money of the applicant deposited with the treasurer effectually locked up, and the applicant deprived of its use. It is true that the license shall not issue until the license fee is deposited, but that does not necessarily argue that the money must be deposited before the hearing of the board. However that may be, it is not necessary here to decide, as we adopt the language of Judge Lake, in his celebrated and very able opinion in *Pleuler v. State*, 11 Neb., 547, that the purpose of the act in question was "the regulation of a traffic believed by the legislature to be pernicious in its effects upon society," and that no person should receive a license authorizing him to sell liquors until not only the city council, but the judge of the district court, where an appeal has been taken, shall have decided upon the evidence in the case that the applicant was entitled thereto upon the proofs.

A peremptory writ will be awarded as prayed.

WRIT ALLOWED.

THE other judges concur.