STATE, EX REL. LAVINA J. FOSTER ET AL., V. WALLACE R. BARTON ET AL.

[FILED OCTOBER 3, 1889.]

**Liquors:** REMONSTRANCE: MANDAMUS: NOT GRANTED PEN-DENTE LITE. D. and F. severally applied to the city council of T. for license to sell malt, spirituous, and vinous liquors. Sixty-four citizens of T. remonstrated. Upon a day set for the hearing the council, by a majority vote, granted such license. The remonstrants took an appeal to the district court of the county. Upon trial there, the proceedings and order of the city council were affirmed and the appeal dismissed; to which, it is alleged by the remonstrants, they took exceptions and brought the cause, as to both applications, to this court on error, where the same is pending and undetermined. The remonstrants, *pendente lite,* applied for a peremptory writ of *mandamus* requiring and commanding the city council to recall and cancel the license to sell liquors issued to D. and F., respectively, until the appeals were determined: *Held,* That had application been made while the appeals were pending in the district court, a *mandamus* would probably have been granted; but, after the determination of the appeals in the district court, and before their review on error or appeal in this court, the proceedings below are to be presumed to have been in accordance with law, and the final judgment correct; and this court will not, therefore, interfere by *mandamus.*

ORIGINAL application for *mandamus.*

*S. P. Davidson,* for relators.

*Clarence K. Chamberlain,* for respondents.

COBB, J.

This is an original application in the name of the state of Nebraska, on the relation of Lavina J. Foster, Mary A. McKee, Lucinda Russell, Mary A. Hill, and Charlotte Barrow for a peremptory writ of *mandamus* to be issued

to the mayor, the councilmen, and the city clerk of the city of Tecumseh, in the county of Johnson.

On June 14, 1889, the relators served sufficient notice on the defendants that in certain causes then lately determined by the mayor and councilmen of Tecumseh, being the applications of James Devinney and Robert Frost, for licenses to sell malt, spirituous, and vinous liquors in the first ward of said city, and the remonstrances thereto of the relators and others, a petition in error and transcript of the record, with waiver of summons and notice in appeal, were filed in this court June 3, 1889, by the relators, making application to the court for a peremptory writ of *mandamus* to compel the defendants to revoke and recall the license to sell malt, spirituous, and vinous liquors, in said city, issued to said Devinney and Frost, respectively, and setting up that on April 16, 1889, said Devinney and Frost each filed with the city clerk his application for a license to sell liquors in the first ward of said city, for the year commencing in May, 1889; and on May 7th, before either of the applications were considered by the defendants, the relators and fifty-nine others filed their remonstrances against the issuance of a license to either of said applicants, with the said city clerk, averring good and sufficient grounds therefor; and on May 10 said remonstrances were considered by said mayor and councilmen upon evidence and argument and were overruled by said mayor and a majority of the councilmen, to which the relators excepted, and appealed to the district court of said county therefrom.

It was ordered by the mayor and a majority of the council that said applications be granted and licenses were issued, to which the relators excepted and from which they appealed to the district court; and on May 11, after procuring the evidence to be duly certified by the mayor and city clerk, the same, with a transcript of the record and proceedings in said cases, was filed and docketed on appeal in said court; and on May 24 said causes were heard and

the orders and judgment of the mayor and council were affirmed in said district court, to which the relators excepted, and filed their motion for a new trial, which was overruled. The court further ordered that said appeals be dismissed, to which the relators excepted. The relators aver that notwithstanding the premises licenses were issued on May 11, 1889, to both of said applicants by the city clerk at the direction of the mayor and council, but against all of which Councilman George Hill voted, and in favor of all of which all the other councilmen voted; that on the 24th day of May, after judgment was entered in the district court, in pursuance of said applications for license, Devinney and Frost each began and has since continued the sale of liquors, in said place, in violation of law and against the rights of the relators and their co-remonstrants, and will continue to sell liquors notwithstanding the pendency of said cause and of this application, wherefore the relators ask for a peremptory writ of *mandamus* commanding the mayor and council and the city clerk to recall and revoke said licenses during the pendency of said appeal and proceedings in error, and until the same shall have been finally determined in this court.

The defendants, W. R. Barton, mayor, and G. C. Zutavern, C. H. Halstead, C. W. Pool, Jorth Grim, and D. R. Bush, councilmen of the city of Tecumseh, answered, admitting the statement of facts by the relators, but denying that they have refused to recall and revoke the licenses granted to Devinney and Frost, or either of them. They say that their first knowledge that proceedings in error had been commenced by the relators was the service of notice of this application for a writ of *mandamus* on June 13 and 14, the day on which the application was to be heard at the state house in Lincoln; that new and additional evidence was admitted at the hearing in the district court, and no bill of exceptions to the judgment and proceeding has been presented to them as a board or been settled by the judge of said court, and no undertaking been filed as required by law.

The defendant Percy A. Brundage answering, says that he is city clerk of the city of Tecumseh; that the meetings of the city council are held on the first Tuesday of each month; that at no meeting of the council since the granting of licenses to Devinney and Frost after the hearing and decision of the district court has any notice been brought to the attention of the council that an appeal or proceedings in error had been taken to the supreme court, or any request made to revoke or annul the license granted to Devinney and Frost, nor had said council refused to revoke and annul said licenses, or either of them.

Chapter 50 of Compiled Statutes, entitled Liquors, provides for the granting of license for the sale of malt, spirituous, and vinous liquors, if deemed expedient by the authorities of any county, city, or incorporated village, and directs the method of applying therefor, and of considering and allowing or rejecting such applications.

Sections 3 and 4 of these provisions are directly pertinent to the questions involved in this application and are quoted:

"Sec. 3. If there be any objection, protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county board shall appoint a day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license.

"Sec. 4. On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as now provided by law in the district court, to be paid by the party calling said witnesses. The testimony on said hearing shall be reduced to writing and filed in the office of application, and

if any party feels himself.aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court, and such appeal shall be decided by the judge of such court upon said evidence alone."

This act, and especially the sections quoted, have been several times before this court and their provisions considered. In the case of *State v. Bonsfield*, 24 Neb., 517, like questions arose upon the application for a writ of *mandamus* to the mayor and city council of Auburn to compel them to sign and certify to the district court the evidence taken at the hearing of an application for license to sell liquors, an appeal having been taken by the remonstrants, and to require the mayor and council to revoke and recall the license issued to respondent Ford during the pendency of the appeal. The writ was allowed, and here I quote the first clause of the syllabus: "Where an application is made to the city council for a license to sell intoxicating liquors, to the issuance of which a remonstrance is filed, and upon a hearing a license is ordered to issue, it is the duty of the council, upon notice of appeal being given, to withhold the license until the expiration of a sufficient time within which an appeal may be taken to the district court by the remonstrants. Where a license is issued, and the appeal is taken, it is the duty of the council to recall such license, until the appeal is decided by the district court, and in case of their refusal *mandamus* will issue to compel action."

It follows from this, and from previous cases in this court, that where an application for license is resisted by remonstrance, and an appeal is taken from the action of local authority granting such license, the proceedings are deemed and taken to be *in limine,* until the judgment of the district court is given thereon; and a license issued and delivered pending such appeal is held to be improvidently granted, and its revocation and recall will, upon due process, be enforced by *mandamus.*

The question raised in the present application, as I understand it, is to extend and enlarge that suspension of the power of county and city authorities to act in such cases, not only until the final judgment of the district court, but also until the further review of the proceedings in error, or upon appeal, in this court.

It appears from the averments of the relators that on May 11, 1889, after notice of appeal by the remonstrants to the district court, and before the hearing of the same, licenses were issued upon both applications; but it further appears that the licensees only availed themselves of their privilege and sold under their licenses after the hearing and final judgment, in their favor, of the district court. Doubtless, under the decision of the supreme court cited and referred to, had application for *mandamus* been made after the issuance of the licenses, and before the final judgment of the district court upon the case appealed, such licenses would have been held as prematurely issued and their revocation enforced. Quite another and different question arises upon the application being made after the final judgment thereon of the district court.

The sale of malt, spirituous, and vinous liquors in this state is, *prima facie,* unlawful, and is prohibited. The statute, however, points out and permits a method by which proper persons may, by the use and compliance of the prescribed means, and with approval and concurrence of constituted authorities, obtain license to sell intoxicating liquors, upon terms and restrictions by which, if complied with and strictly kept, the sale becomes legal and is tolerated.

These prescribed methods commence with the application to the proper local board. In case there is no remonstrance to an application they end substantially with the hearing of the board. But in case of remonstrance, they provide for a proper time and hearing of evidence in support of the remonstrants, and of all parties interested. In case of appeal they are continuous until the final hearing, trial, and

31

judgment of the district court.   The law does not provide
for the further continuance of formula and proceedings in
order to exclude improper persons from license, excepting
the abstract rule of the constitution and laws that all per-
sons aggrieved shall have a final hearing ·in the supreme
court.

At the initial stage and commencement the presumption
of law is against the issuance of the license, and the pre-
sumption runs through to the end of the prescribed pro-
ceedings required in such cases.   We are asked to extend
that presumption until all suggested errors in the district
court shall be further examined.   In my judgment that
could not be done without a departure as well from the
spirit of the law as from that line of equity and consistency
which must be preserved in judicial proceedings.   Practi-
cally such a construction would nullify the statute governing
such cases, and provide for the accomplishment, by litigation
and contention, of that which has been regarded as an im-
portant moral and political question to be controlled by
the people themselves.

The district court is one of general jurisdiction.   To it
the people must appeal primarily for protection in all per-
sonal and property rights.   The presumption of law is
always in favor of the correctness of its judgment and pro-
ceedings.   Nevertheless, there is an appeal available in
proper cases, but pending such appeal the decision of the
court is to be regarded *prima facie* as correct.

We are informed by the relators that the cases of the
licensees are now pending in this court, both on appeal and
in error, brought up from the district court.   If upon the
hearing here it should be found that manifest injustice or
reversible error has occurred, the judgment below would
be reversed, and with its reversal will again obtain the pre-
sumption against the issuance of license, and of that already
issued for the sale of intoxicating liquors to the parties ap-
plying; but until then the presumption of law has estab-

lished the judgment below, and it also attaches to the licenses granted.    The writ is therefore denied.

WRIT DENIED.

THE other Judges concur.