STATE OF NEBRASKA, EX REL. T. J. CARTER ET AL., V. TRUSTEES OF THE VILLAGE OF ELWOOD.

FILED JUNE 30, 1893.    No. 6197.

1. **Liquors:** LICENSE: APPEAL FROM VILLAGE BOARD: STAY OF PROCEEDINGS. An appeal by a remonstrant from an order of a village board under the provisions of section 4, chap. 50, Comp. Stats., in order to have the effect of a stay and prevent the issuing of license to the applicant, must be taken immediately and perfected as soon as a transcript can with reasonable diligence be procured and filed in the district court. *Lydick v. Korner*, 13 Neb., 10.

2. ——: ——: ——: ——: MANDAMUS. License was allowed on the 9th day of May. The remonstrant immediately

gave notice of an appeal, knowing that the district court for the county would convene pursuant to adjournment on the 18th day of the same month, and that the next session thereof would be in September following. A transcript was demanded for the first time on the 19th, after the final adjournment of the district court, and filed on the 20th. It appears that a transcript could with reasonable diligence have been procured and filed within twenty-four hours from the time the license was allowed. *Held*, That the appeal was not taken in time to have the effect of a stay, and a peremptory *mandamus* should not be allowed to compel the village board to revoke and cancel a license issued on the 18th after the final adjournment of the district court.

ORIGINAL application for *mandamus*.

*T. J. Carter* and *A. M. White,* for relators.

*W. S. Morlan, contra.*

POST, J.

This is a *mandamus* proceeding instituted in this court to compel the board of trustees of the village of Elwood, Gosper county, to revoke and cancel a liquor license issued to one Gill, pending an appeal from the order allowing the same to the district court of said county. The cause is by written stipulation submitted to us upon the petition and answer, in addition to certain admissions not appearing from the pleadings, which will be noticed hereafter.

The facts disclosed by the pleadings are substantially as follows: On the 12th day of April, 1893, John Y. Gill filed with the clerk of the village board his petition for a license to sell liquors for the ensuing year in conformity with the provisions of the statutes and ordinances of said village. Notice having been given of such application, and that it would be heard on the 1st day of May following, the relator and others presented a written remonstrance and objection to the granting of a license to the petition. Subsequently the petition was amended by the signing of additional names thereto, and the remonstrance

renewed. It is not necessary to critically examine the remonstrance in this connection. It is enough to say that it is sufficient in form and substance to entitle the signers thereof to a hearing before the village board and to prosecute an appeal to the district court.

From the allegations of the answer, which are admitted to be true, it appears that the hearing before the village board was, at the request of the remonstrants, adjourned first to the 5th and afterward to the 9th day of May. On the last named day there was a hearing of the application and remonstrance, which resulted in a finding for the petitioner and an order for the issuing to him of a license as prayed. Notice was immediately given by the remonstrants of their intention to appeal to the district court for said county, whereupon the board refused to issue the license until such appeal could be heard and determined. It appears also that at the time of the hearing before the board it was known to the remonstrants and their attorneys that the district court for said county would, pursuant to adjournment, convene on the 18th day of May following, and that the next term thereafter would be held in September, 1893; that at the adjourned session held on the 18th there was ample time and opportunity for the hearing of said appeal, and that a transcript of the proceedings could, with reasonable diligence, have been procured and filed with the clerk of the district court within twenty-four hours from the time the license was allowed, but that the remonstrants did not demand a transcript until the 19th day of May, and that the same was not filed in the district court until the day following, and after the adjournment thereof to the next regular term in September.

That on the evening of the 18th, and after the final adjournment of the district court, the village board being convened in lawful session, the petitioner Gill appeared before the respondents at such meeting and showed to their satisfaction that no transcript had been demanded or filed,

or other steps taken to perfect an appeal from the order above mentioned, and demanded that a license be issued to him in accordance with such order; and acting in the belief that the failure to perfect their appeal in time for hearing at the adjourned term of the district court was intended by the remonstrants to prevent action thereon until the September term, they decided to issue the license, notwithstanding the notice of appeal, which they accordingly did, as alleged in the petition.

It appears from the written admission accompanying the pleadings that on the 19th, when the relator demanded a transcript, the village clerk did not demand his fees therefor in advance; that he was also county clerk and clerk of the district court, and was in the habit of performing official services for the relator when requested on the credit of the latter and to render bills therefor at his pleasure. If it were a material question in the case, we should feel constrained to hold that the clerk had waived his right to demand his fee for the transcript in advance, and that the relator has not been prejudiced by his failure to tender the fee therefor. But since the writ must be denied on other grounds, we have no occasion to further discuss that question.

The writer was at first disposed to regard *State, ex rel. Weber, v. Bays*, 31 Neb., 514, as decisive of this case, but, upon a careful examination thereof, concurs with the other members of the court in holding that the question now at issue was not involved therein. The essence of the decision in that case is found in the concluding sentence of the opinion on page 516, viz.: " The remonstrants therefore must be heard, and if an appeal is duly taken to the district court such appeal must be disposed of before the license can issue." Was the appeal in this case "duly taken" within the meaning of the statute as above interpreted? We think not. It may be that upon the filing of the transcript on the 20th the district court ac-

quired jurisdiction to entertain the appeal, but such appeal was not taken within the time contemplated by the statute so as to operate as a stay and thus prevent the issuing of the license.    It was held in *Lydick v. Korner*, 13 Neb., 10, that the appeal must be taken immediately, that is, as soon as the transcript can be procured and filed in the district court.    In *State v. Bonsfield*, 24 Neb., 520, it was said by REESE, Ch. J.: "It was evidently the purpose of the legislature that no delay should result from the appeal except such as was cau-ed by the time intervening before the next session of district court, and that the appeal should be decided without unnecessary delay."

We do not doubt the honesty and perfect good faith of the appellants in this case, but to hold that their appeal ten days after the order complained of was taken immediately would not only be a forced construction of the statute but would be using the process of the court to defeat the action of the tribunal to which the law has entrusted a discretion over the subject, and which, so far as this record discloses, acted in good faith and strictly within its jurisdiction.    It follows that the action should be dismissed and the

WRIT DENIED.

THE other judges concur.