FRANK E. MOORES ET AL. V. STATE OF NEBRASKA, EX REL.
JOHN BOESEN.

FILED MAY 17, 1899.    No. 10584.

1. **Intoxicating Liquors:** LICENSE: APPEAL BY REMONSTRATOR. Under
section 4, chapter 50, Compiled Statutes 1897, an unsuccessful
remonstrator may appeal from an order granting a license to sell
intoxicating liquors.

2. ——: ——: ——. But such remonstrator cannot appeal from
an order overruling his protest against the issuance of a license.

3. ——: ——: ——: TESTIMONY: MANDAMUS. Where it does not
appear that a saloon license was granted over the remonstrator's
protest, he cannot by mandamus compel the license board to
reduce to writing and file in their office the testimony taken on
the hearing of the remonstrance.

4. ——: ——: ——: ——. The provision of the statute requir-
ing every license board to reduce to writing all the testimony
taken on the hearing of any remonstrance and file the same in
the proper office is for the benefit of those entitled to have such
testimony reviewed in the district court.

ERROR from the district court of Douglas county.
Tried below before DICKINSON, J. *Reversed.*

*E. H. Scott*, for plaintiffs in error.

*T. W. Blackburn* and *J. J. Boucher, contra.*

SULLIVAN, J.

There is presented in this case for review a judgment of the district court of Douglas county allowing a per-emptory writ of mandamus commanding the plaintiffs in error, as members of the board of fire and police commissioners of the city of Omaha, to reduce to writing and file in their office all the testimony taken by them on the hearing of relator's objections to the issuance of liquor licenses to certain persons who were applicants therefor. From the record it appears that the testimony was taken in shorthand, and that the remonstrances having been overruled, the relator desired to have the stenographer's notes extended so that he might prosecute appeals in accordance with section 4 of chapter 50, Compiled Statutes 1897. There is no doubt about the right of an unsuccessful remonstrator to appeal from an order granting a license to sell intoxicating liquors, but the statute nowhere declares that he may appeal from an order over-ruling his protest. The board may consider his objections insufficient or unsustained by the proof, but they may, nevertheless, for other reasons refuse to grant the license. In that event the remonstrator is not aggrieved in a legal sense, and consequently cannot prosecute an appeal. In this case it was neither alleged nor proven that any order had been made granting a license over Boesen's protest. He was, therefore, not interested in the performance of the duty enjoined by the statute on the respondents. Every license board, regardless of the condition of the revenues under its control, is required to reduce to writing all the testimony taken on the hearing of any remonstrance and file the same in the proper office; but this duty is imposed only for the benefit of those who may be entitled to have such testimony re-

43

viewed in the district court. No right of the relator having been infringed, he is not entitled to the relief demanded in his petition. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.