STATE OF NEBRASKA, EX REL. HARVEY J. GROVE, V. JOSEPH McGUIRE ET AL.

FILED OCTOBER 19, 1905.    NO. 14,255.

1. **Mandamus: ALLOWANCE.** A writ of mandamus will be denied, unless it appear that there is some substantial right which is in jeopardy for want of a plain, adequate remedy in the ordinary course of law.

2. **Liquor License: TRANSCRIPT OF EVIDENCE.** One applying for a writ of mandamus to compel a license board to reduce to writing the testimony taken on the hearing of an application for license to sell intoxicating liquors must show, not only that he has a right to have the evidence reviewed in the district court, but that he intends to have it thus reviewed.

3. ——: **APPEAL.** Such evidence is not essential to give the district court jurisdiction of an appeal from an order granting a license; the filing of a certified transcript of the proceedings containing such order being sufficient for that purpose.

4. ——: ——: **TRANSCRIPT OF EVIDENCE.** Where the district court has acquired jurisdiction of such appeal by the filing of a certified transcript of the proceedings, and the license board fails to transmit the evidence taken before it at the hearing, the district court may enter a rule requiring the board to supply the omission.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*L. J. Piatti* and *John E. Reagan,* for plaintiff in error.

*Charles A. Goss, contra.*

ALBERT, C.

Three applications were made to the board of trustees of the village of Benson to sell malt, spirituous and vinous liquors. A remontrance, signed by a number of residents of that village, was filed in each case. A hearing was had on each application, in which the testimony was taken down in shorthand, but was not otherwise reduced to writing. This hearing appears to have closed on the 24th day of December, 1904, and a few days thereafter the village board overruled the remonstrances and granted a license to each applicant, whereupon the remonstrators gave notice of appeal. Three days thereafter the remonstrators gave further notice of appeal, and made demand on the clerk of the board that the evidence taken on the several hearings should be reduced to writing. The clerk refused to comply. On the 7th day of January, 1905, at a meeting of the village board, the remonstrators gave notice of appeal, and made demand on said body to reduce the testimony in each of said cases to writing and place the same on file "in their office," so that the remonstrators might have the same for the purpose of perfecting an appeal in each case. The board refused to comply with the demand, whereupon Harvey J. Grove, one of the remonstrators, filed his petition in the district court, which, as amended, shows a prayer for a writ of mandamus to compel the village board to reduce the testimony above mentioned to writing and deliver the same to the relator. The district court denied the writ, and the relator brings the case here on error.

In our opinion, the writ was properly denied. That mandamus is the last resort of a litigant and that the writ will issue only where there is no remedy in the ordinary course of law are elementary rules of practice. As a

corollary to these propositions, it would follow that the writ ought to be denied, unless it be shown that there is some substantial right which is in jeopardy for want of a remedy. The relator at this point fails, we think. The provisions of section 4, chapter 50, Compiled Statutes 1903 (Ann. St. 7153), requiring the testimony taken on the hearing of a remonstrance against an application for license to sell intoxicating liquors to be reduced to writing and filed in the office of application, have been held by this court to be, only for the benefit of those entitled to have the evidence reviewed in the district court. *Moores v. State,* 58 Neb. 608. In other words, one applying for a writ of mandamus to compel a license board to reduce such testimony to writing is required to show, not only a mere omission of official duty, but that he has some right which will suffer by such omission. In this case it is quite clear that the relator was entitled to a review of the evidence in the district court. But he has neither pleaded nor shown in evidence that he has appealed or intends to appeal. It is true, he and the other remonstrators gave ample notice of appeal, and that fact is both averred and proved. But it falls far short of a direct averment and proof that they, or any of them, actually intended to appeal. Although the orders granting the licenses were made more than nine months ago, no appeal has been taken. The failure of the board to reduce the evidence to writing did not prevent the taking of an appeal. It is true, the evidence reduced to writing is a part of the record on appeal, but only a part of it. *Powell v. Egan,* 42 Neb. 482. It is not jurisdictional. To give the district court jurisdiction of the appeal, all that was necessary was to file a certified transcript of the proceedings containing the final order. Then, upon a showing that the record was not complete, that is, that it did not contain the evidence taken on the hearing, the district court could have entered a proper rule requiring the board to supply the omission. *Worley v. Shong,* 35 Neb. 312. It seems quite clear to us that the relator must fail, not

only because he has failed to show that he requires the evidence for the protection of any legal right, but also because, if he had intended to appeal, he had a plain, speedy and adequate remedy in the ordinary course of law.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.