STATE, EX REL. ELMER E. THOMAS, APPELLEE, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF CITY OF OMAHA, APPELLANT.

FILED JUNE 8, 1906.   No. 14,627.

1. Liquor License: EVIDENCE: TRANSCRIPT. Upon contests of applications for liquor license, the board hearing the contest is not bound by the stipulations of the parties providing a method of taking and transcribing the evidence not prescribed by statute, and involving greater expense in reducing the evidence to writing than is necessarily incurred in the manner of trial contemplated by statute. If the evidence is taken pursuant to such stipulations, the board will not be compelled by mandamus to reduce the evidence to writing in the manner provided for by such stipulation of the parties without payment of the extra expense of so doing made necessary by the unusual manner of taking the evidence.

2. ———: APPEAL: TRANSCRIPT. An appeal from the decision of the board in granting a liquor license is taken by giving notice of the intended appeal, and procuring a transcript of the record of the proceedings before the board, and filing the same in the appellate court. When such appeal has been taken, the court may compel the board to furnish a duly certified transcript of the evidence taken before the board upon the hearing. A peremptory mandamus to compel the board to reduce the evidence to writing and file the same in the office of the board is not necessary.

3. ———: ———: ———. A party desiring to appeal from the decision of the board of fire and police commissioners of Omaha

granting a liquor license is entitled to a certified transcript of the record of the proceedings before such board, upon demand and the payment of reasonable fees for making such transcript. The board is not required to furnish such transcript without the payment of fees therefor.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*John P. Breen, W. H. Herdman, Harry E. Burnam* and *I. J. Dunn,* for appellant.

*Elmer E. Thomas, contra.*

SEDGWICK, C. J.

The relator filed with the board of fire and police commissioners of the city of Omaha remonstrances against the applications for licenses of 170 saloon-keepers of that city. The remonstrances were overruled, and, upon application to the district court for Douglas county and a hearing thereon, a peremptory writ of mandamus was granted against the board of fire and police commissioners commanding them to reduce the evidence to writing in each of 170 cases, and have the same filed in their office, and to make transcripts of the records also in each of the 170 cases, and to deliver the same to the relator to enable him to prosecute appeals in all of the cases, notice of which appeals had been duly given. From the order granting the peremptory writ the board of fire and police commissioners have appealed to this court.

1. One of the objections to the granting of the peremptory writ now insisted upon is that, upon the hearing before the board of fire and police commissioners, stipulations were entered into by this relator, who was remonstrator there, on the one part, and the attorneys representing the applicants for license on the other part, by which it was agreed: "That about 30 cases should be heard together for the purpose of saving time, and that, when the official stenographer of the board should write up the

testimony, he should separate it and write the record of testimony in each case separately"; that the stenographer was unable to separate the evidence of the witnesses so as to determine what evidence pertained to each case respectively, and so it would become necessary for the stenographer to write out all the evidence taken for each and every one of the cases; that the evidence taken before the board was very voluminous, and to procure the whole thereof to be written out in each of the 170 cases would require an outlay of something over $5,000. It is conceded that, when a hearing is had before the board upon a remonstrance against the granting of a saloon license, it is the duty of the board to cause the evidence taken to be reduced to writing and filed in the office of the board for the use of any party desiring to appeal, and that anyone interested may insist upon the board so doing without any payment therefor. But it is contended that, when the parties interested in the contest make agreements among themselves in regard to the manner of taking of the testimony by which the expense of writing out the testimony taken would be greatly increased, without making any provision in their agreement by which the expenses may be restricted in amount to the ordinary expenses in such cases, the board is not obliged to incur the great expense so made necessary without being compensated therefor. It would seem reasonable that the board should not be bound by the stipulations entered into by the parties contesting before them. The board might consider that both parties contemplated resting their case upon the decision of the board and without availing themselves of the right of appeal, or that the parties contemplated themselves bearing the extra expense caused by their unusual manner of taking the testimony. It is not doubted that it would be the duty of the board, upon request for that purpose and after notice of appeal, to cause the evidence taken in the respective cases to be reduced to writing so far as the same was made necessary by the hearing before them in the manner pointed out by the statute, when such evidence was neces-

sary to enable the defeated party to diligently prosecute his appeal. Whether more than this could be required of the board it is not necessary for us now to further discuss, because of the conclusion that we have reached upon other matters presented.

2. In *State v. McGuire,* 74 Neb. 769, it was held that the evidence taken before the board "is not essential to give the district court jurisdiction of an appeal from an order granting a license; the filing of a certified transcript of the proceedings containing such order being sufficient for that purpose," and it was also held in that case that, "where the district court has acquired jurisdiction of such appeal by the filing of a certified transcript of the proceedings, and the license board fails to transmit the evidence taken before it at the hearing, the district court may enter a rule requiring the board to supply the omission." This we think is the regular and orderly practice, and, this being the law, no writ of mandamus is necessary to compel the board to reduce the evidence to writing in aid of one who desires to appeal to the district court from the decision of the board. When the district court has acquired jurisdiction of the case, it may make such orders as are necessary for completing the appeal, and is in a better position so to do than upon the extraordinary proceedings in mandamus. If the board has complied with the law and caused the evidence taken in the case to be reduced to writing and filed in the office of the board, it can readily transmit such evidence properly certified to the district court. If it has neglected to reduce the evidence to writing, the court can compel the board so to do as far as it is possible, and the remedy provided by the statute is therefore complete.

3. The controversy in regard to making of the transcripts of the record of the board appears to turn upon the question of fees. Is the board entitled to fees for making these transcripts, or is it compelled to furnish them without payment therefor? The statute provides: "The testimony on said hearing shall be reduced to writing and filed in the office of application, and if any party feels

himself aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court and such appeal shall be decided by the judge of such court upon said evidence alone." Comp. St. 1903, ch. 50, sec. 4. The statute does not point out the steps necessary in order to appeal from a decision of the board. It does not provide in terms for any transcript of the record of the proceedings before the board, and, of course, contains no express provision as to payment of fees therefor. In the earlier cases construing this statute it was frequently said that the purpose of the legislature was to facilitate the taking of appeals, and that the public was interested in preventing licenses to irresponsible and improper parties. If the law provided that an appeal might be taken by filing a written notice thereof with the board, it would not be unreasonable to conclude that after such notice had been given it would be the duty of the board to transmit to the court such records of the proceedings as would be necessary to enable the court to pass upon the appeal. Although the point has not been expressly adjudicated, it has been in several cases assumed that the appeal is taken by procuring a transcript of the record and lodging the same in the appellate court. *Lydick v. Korner*, 13 Neb. 10; *State v. Trustees of Village of Elwood*, 37 Neb. 473. This construction of the statute has generally been accepted and acted upon, and we feel constrained to follow it now. In order therefore to take an appeal, it was necessary for the remonstrator in this case to give notice of his intention to appeal, and to procure a transcript of the proceedings of the board. This seems to be conceded. But the trial court seems to have held that the relator would be entitled to these transcripts upon demand of the board and without payment therefor. In *State v. Trustees of Village of Elwood, supra,* it is assumed that the village clerk would be entitled to demand his fees for such transcripts in advance, but the court said that it was not a material question in that case, and so it was not decided. And in *State v.*

*Bonsfield,* 24 Neb. 517, it was said: "There is no doubt of the right of the appellants to a transcript of all the proceedings, upon the payment of legal fees therefor, and that part of the case will not be further noticed." And it has generally been assumed that, when the hearing has been before the county board, or city or village authorities, whose clerks are by statute allowed a fee for transcripts of the records, the party demanding a transcript for appeal must pay the ordinary fees therefor. An attempt is made to make a distinction in this case because the statute makes no specific provision for making transcripts of records of the board of fire and police commissioners. The principle is invoked that, when the law imposes a duty upon a salaried officer and provides no specific fees therefor, he must look to his salary for the compensation for such duties. We think that the principle is not applicable to a case like this. The statute contemplates contests of this kind before county commissioners, and boards of supervisors, and before city councils and trustees of villages, and in all these cases parties desiring transcripts of proceedings must pay for transcribing the same. It seems unreasonable to suppose that the legislature intended to vary from this rule when the services that are ordinarily performed by clerks entitled to fees therefor are demanded of public officials of this character; that in most cases of contest of applications for license to sell liquors the party desiring transcripts should be required to pay for the same, and exception should be made in other cases where there is no apparent reason for such exception. The relator should have tendered reasonable fees for these transcripts. His failure to do so appears to be the sole reason for refusing the transcripts, and the peremptory writ therefore should not be issued.

The judgment of the district court is reversed and the cause remanded.

Reversed.

LETTON, J., concurring separately.

While I concur in the result, on account of the failure of the relator to tender reasonable fees for the transcripts, I dissent from the views expressed as to the board not being compelled to furnish a transcript of the evidence on account of the manner in which it was taken. The control of the manner in which the evidence is produced is with the board. It is not compelled to recognize any stipulations or agreements of the parties with reference to how it shall be taken. If they see fit to stipulate to a manner of taking it which will involve greater expense than usual in reducing the evidence to writing, the board need not be bound by it; but if it consents to the agreement and allows the evidence to be taken in accordance therewith, the fact that this method will entail greater expense than the usual and ordinary method will not excuse the board from a failure to perform its legal duty in furnishing a transcript of it upon demand. While in one sense the applicant and remonstrators are parties to the proceedings, the public also has an interest, and it would be against public policy to allow the board to plead the acts and agreements of the contending parties as an excuse for its failure to perform a duty enjoined upon it by law.