F. E. CLARK ET AL., APPELLANTS, V. JOHN FOLTYN ET AL., APPELLEES.

FILED NOVEMBER 6, 1908. NO. 15,692.

1. **Intoxicating Liquors: LICENSE: APPEAL.** In an appeal by remonstrators from the decision of a licensing board granting a liquor license, jurisdiction is conferred upon the district court by giving notice of the intended appeal, and filing within a reasonable time in said court a transcript of the proceedings had upon the hearing before the licensing board.

2. ——: ——: ——. That a certified transcript of the evidence taken before a licensing board upon a hearing on an application for liquor license is not filed with the transcript of the proceedings of the board upon such hearing is not a ground for dismissing the appeal.

3. ——: ——: ——: DEFECTIVE TRANSCRIPT. On an appeal to the district court from the decision of a licensing board granting

a liquor license, it is not a ground for the dismissal of such appeal that the transcript of the proceedings had before the licensing board upon the hearing is defective either in substance or in certification.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Reversed.*

*Albert & Wagner* and *R. P. Drake,* for appellants.

*John J. Sullivan, Louis Lightner* and *James G. Reeder,* contra.

GOOD, C.

John Foltyn and W. J. Lueschen each made application to the board of trustees of the village of Creston in Platte county for license to sell intoxicating liquors. Against these applications remonstrances were duly filed by F. E. Clark and others. It was agreed between the applicants and remonstrators that both cases should be heard together, and the evidence taken should be considered in each case. The hearing on the applications and remonstrances was concluded on the 2d day of May, 1908, and resulted in the overruling of the remonstrances, and an order granting the licenses. Remonstrators gave notice of appeal, and on the 7th day of May filed in the district court for said county a transcript of the proceedings had before the village board. On the 9th day of May the applicants for license filed a motion to dismiss the appeals on the grounds: "(1) The court has no jurisdiction of the subject matter. (2) No transcript of the evidence taken on the hearing of said applications before the village board of the village of Creston has been filed in this court as required by law." This motion was sustained, and a judgment entered dismissing the appeals. The remonstrators have appealed to this court.

In the transcript of the proceedings of the village board there appears a record of the examination of a number of witnessses, but in the certificate of the village clerk

attached to the transcript no reference is made to any evidence. The appellees contend that as the law requires the district court to decide such cases upon the evidence taken before the licensing board, and because the evidence was not taken and filed in the district court, or rather because the certificates make no mention of the evidence taken on the hearing, the court was without jurisdiction, and the appeals should have been dismissed. They also contend that the appeals should have been dismissed because the transcript filed does not contain the petitions of the applicants for licenses and the transcript does not show what the real contention was between the applicants and the remonstrators as heard before the village board. In *State v. McGuire*, 74 Neb. 769, where this question was under consideration, the court said: "Such evidence is not essential to give the district court jurisdiction of an appeal from an order granting a license; the filing of a certified transcript of the proceedings containing such order being sufficient for that purpose. Where the district court has acquired jurisdiction of such appeal by the filing of a certified transcript of the proceedings, and the license board fails to transmit the evidence taken before it at the hearing, the district court may enter a rule requiring the board to supply the omission." In *State v. Board of Fire & Police Commissioners*, 76 Neb. 741, it was held: "An appeal from the decision of the board in granting a liquor license is taken by giving notice of the intended appeal, and procuring a transcript of the record of the proceedings before the board, and filing the same in the appellate court. When such appeal has been taken, the court may compel the board to furnish a duly certified transcript of the evidence taken before the board upon the hearing." Under the rules in these cases, it appears clear that the district court for Platte county was vested with jurisdiction of the cases upon the filing of the transcript. So far as the question of jurisdiction is concerned, it was immaterial whether or not the evidence taken before the village board

was contained in the transcript, and it was also immaterial as to whether or not any mention of the evidence was made in the certificates attached to the transcript.

Appellees contend that appellants had ample time and opportunity to procure a transcript of the evidence and a proper certificate thereto, and that, as the record does not show that appellants asked permission so to do, the district court should not on its own motion direct the village authorities to furnish and file a transcript of the evidence. No one would contend that it was the duty of the district court to take the initiative and on its own motion require the village board to furnish and file a transcript of the evidence. But that is not the question for determination. Was the district court justified in dismissing the appeals because the appellants had not asked permission to supply the transcript of the evidence? To so hold would be to assume that the appellants had been guilty of laches either in filing the transcript of the proceedings without a transcript of the evidence or in failing to cause a transcript of the evidence, properly certified, to be filed in the district court within two days after filing the transcript of the proceedings and within seven days from the hearing. This, too, in the face of the fact that it was the duty of village authorities, rather than of appellants, to furnish and transmit the transcript of the evidence to the district court. In our opinion such a holding would be drastic in the extreme and exceedingly summary. The contention does not meet with favor. The ruling is not entitled to judicial sanction.

If the transcript of the proceedings had before the licensing board was defective either in certification or in its contents, such defect could have been reached and considered either by motion to strike from the files or upon a hearing upon the merits, but could not properly be considered upon a motion to dismiss the appeal.

From what has been said, it follows that the judgment

of the district court should be reversed and the cause remanded for further proceedings according to law.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.