IN RE PETER THOMPSEN.

C. R. MUNSON ET AL., APPELLANTS, V. PETER THOMPSEN,
APPELLEE.

FILED APRIL 13, 1909.    No. 15,498.

1. **Intoxicating Liquors:** LICENSE: PETITION. A freeholder otherwise
qualified to sign a petition for a liquor license is not disqualified
because he is not personally acquainted with the applicant, or
does not know that he is a man of respectable character and
standing in the community.

2. ————: APPLICATION FOR LICENSE: APPEAL. If a remonstrant ap-
peals from an order of the excise board granting a saloon license,
the district court is without authority in that proceeding to
direct said board to reconvene and receive testimony that was
offered by the remonstrant and excluded by said board.

APPEAL from the district court for Wayne county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*Elmer E. Thomas,* for appellants.

*A. S. Ritchie* and *Charles L. Fritscher, contra.*

ROOT, J.

Appeal from a judgment of the district court for Wayne
county confirming the action of the city council of Wayne
in granting one Thompsen a license to sell intoxicating
liquors in said city. The license year has expired, so that
as between the parties the only issue is the payment of
costs. Counsel requests a consideration of but two ques-
tions.

1. Must the petitioners have personal knowledge that
the applicant is a man of respectable character and stand-
ing in the community? Four only of the petitioners were
acquainted with the applicant. The statute does not re-
quire the petitioners to have such knowledge. If the al-
legation in the petition with reference to character is not
denied, the excise board will generally accept that state-
ment as true; if traversed, the applicant, and not the

petitioners, must make the proof. Remonstrants have not cited any authority to sustain said proposition, and the point must be resolved against them.

2. Was it the duty of the district court in the appeal case to order the city council to reconvene 'and receive the evidence excluded by them? The attorneys for applicant and remonstrants signed an agreement that the city attorney should rule upon all objections to the introduction of evidence, and that the board would adopt such decisions. Remonstrants sought to prove that the applicant while the manager of a saloon the preceding year had sold intoxicating liquors to minors and to a confirmed drunkard. The testimony was excluded by the council on the ground, as the record recites, that the applicant was not a licensee the preceding year. The license was granted, and remonstrants filed notice of an appeal to the district court, and lodged therein a transcript of the proceedings had and evidence taken before the council. Remonstrants then moved the district court to reverse and remand the case, with instructions to the council to vacate the license because 'there was not any competent evidence in the record that Thompsen was a man of respectable character and standing in the community, and because but 4 of the 33 petitioners knew him. They also requested the court to reverse and remand said cause and command the council to reconvene and hear and reduce to writing all of the evidence offered by remonstrants and excluded by it. The motions were overruled, and the action of the council confirmed. The district court did not err in overruling the motion to compel the council to reconvene and hear the proffered testimony.

Upon an appeal the appellate court only reviews the final order upon the pleadings and the evidence admitted in the lower court. Errors committed in rejecting evidence must be corrected by other proceedings. *Battelle v. McIntosh*, 62 Neb. 647. The general proposition is well established, and the statute which authorizes an appeal in liquor license cases is emphatic that the appeal

shall be decided by the judge of the district court upon the evidence contained in the transcript, and none other. Section 4, ch. 50, Comp. St. 1907; *State v. Bonsfield*, 24 Neb. 517; *Livingston v. Corey*, 33 Neb. 366. It is likely that reference may be found in some cases decided since *Livingston v. Corey, supra*, to the effect that the board improperly excluded competent testimony, but in each instance, independent of those matters, there was sufficient in the record to sustain the action of this court. Counsel argue that *State v. McGuire*, 74 Neb. 769, and *State v. Board of Fire and Police Commissioners of Omaha*, 76 Neb. 741, changed the practice in this state, and entitled him to the relief demanded in the district court. The former case was mandamus to compel an excise board to reduce to writing the testimony taken before it in a liquor license case. It was held that the extraordinary writ would not issue for several reasons, one being that remonstrants had a plain, adequate and speedy remedy at law, that is, they could file a transcript of so much of the pleadings and proceedings before the excise board as they could obtain, and, if a complete record was not furnished, the district court by rule would compel the board to supply the deficiency. Section 28, ch. 19, Comp. St. 1907; *Worley v. Shong*, 35 Neb. 311. In the case of *State v. Board of Fire and Police Commissioners of Omaha, supra*, the district court, on the application of relator, had commanded the excise board to forthwith and without compensation furnish him 127 transcripts of evidence, taken in as many contests determined by them. The judgment of the district court was reversed, and it was again decided that mandamus was not necessary to secure remonstrants all of their rights on appeal, which were a truthful and certified transcript of the pleadings and evidence and of the rulings of the excise board. This court has never held that a remonstrant may appeal to the district court, and by the orders of that tribunal in that proceeding compel an excise board to reconvene and correct any errors committed in

the exclusion of evidence. The excise board acted arbitrarily in the instant case, and, if the offered testimony was true, Thompson should not have been granted a license, but those errors could not be corrected on an appeal to the district court.

We have disposed of the two propositions argued in remonstrants' brief, and the judgment of the district court is

AFFIRMED.