J. M. LEIDY, APPELLANT, V. STORZ BREWING COMPANY, APPELLEE.

FILED OCTOBER 7, 1910. No. 16,635.

1. **Intoxicating Liquors:** APPEAL: NOTICE: TRANSCRIPT: JURISDICTION. In an appeal by remonstrators from the decision of a licensing board granting a liquor license, jurisdiction is con-

ferred upon the district court by giving notice of the intention to appeal and filing a transcript of the proceedings had upon the hearing before the board immediately or as soon as the transcript can, by the exercise of reasonable diligence, be obtained.

2. ———: DISMISSAL OF APPEAL. The protestant failed to give notice of his intention to appeal, and delayed the filing of his transcript in the district court for 14 days after he had obtained the same, without any reasonable excuse for such delay. *Held,* That the district court did not err in dismissing the attempted appeal.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*L. D. Holmes, Elmer E. Thomas* and *W. R. Patrick,* for appellant.

*John P. Breen, contra.*

BARNES, J.

The Storz Brewing Company applied to the board of fire and police commissioners of the city of Omaha for a wholesaler's license to enable it to sell the product of its brewery. One J. M. Leidy filed a protest to the granting of the license, a hearing was had thereon, and on the 4th day of January, 1910, the protest was overruled and the license was granted. The protestant excepted, and caused the following order to be entered of record: "The protestant, J. M. Leidy, excepts to the ruling and order of the board, and requests that the record be made up in this case, and that said record be furnished to him, as required by law; but protestant does not at this time give notice of appeal to the district court, but reserves the right to give such notice hereafter." No notice of appeal was ever given, but on the 24th day of January a transcript of the proceedings of the board was filed in the district court for Douglas county. Meanwhile the applicant presented to the proper authorities a good and sufficient bond; paid to the city treasurer the sum of $1,000, amount required for a license, and the same was duly

issued to him within a few days thereafter. On the 9th day of February the district court dismissed the appeal because the same was not taken in time, and from that order the protestant has prosecuted this appeal.

It is contended by appellant that his appeal was prosecuted in time, and that his delay in not filing his transcript in the district court until the 24th day of January, 1910, was not caused by any negligence on his part, but was due to the negligence of the officers to furnish him a proper transcript. The undisputed facts disclose, however, that the transcript of the proceedings was delivered to the appellant on the 10th day of January, and that he failed and neglected to present the same to the mayor for his signature until the 24th day of that month, and after obtaining such signature filed the same. There is no showing that any of the officers failed to properly and speedily perform their duties in preparing and furnishing the transcript, and no reasonable excuse is shown on the part of the appellant for his delay in filing it as soon as it was received by him. In *Lydick v. Korner*, 13 Neb. 10, a similar question was before the court, and Judge MAXWELL in writing the opinion said: "This being the case, an appeal from the decision of a city council overruling a remonstrance against issuing a license to sell liquor must be taken immediately after the order is made. That is, as soon as the transcript can with reasonable diligence be prepared it must be filed in the district court and the case docketed. No undertaking is given to stay the proceedings, and the city council and the party applying for license have a right to know that an appeal has been taken. The testimony taken before the city council must be reduced to writing, and should be certified by the presiding officer as all the testimony taken, as the statute seems to require the judge of the district court to decide the case upon such evidence alone. In this case the transcript was not filed in the district court and the appeal docketed until 60 days after the order appealed from was made. This gave the district court no jurisdiction, and the license

having been issued after a reasonable time had elapsed from the time the order appealed from was made, and before any appeal was taken, was a valid license, and the mere notice of an intention to appeal without actually taking an appeal did not affect its validity."

In the case at bar it is true that 60 days had not elapsed before the filing of the transcript in the district court; but it was held in *State v. Trustees of Village of Elwood*, 37 Neb. 473, that "an appeal by a remonstrant from an order of a village board under the provisions of section 4, ch. 50, Comp. St. 1893, in order to have the effect of a stay and prevent the issuing of license to the applicant, must be taken immediately and perfected as soon as a transcript can with reasonable diligence be procured and filed in the district court." In that case an unexplained delay of ten days in filing the transcript was declared to be an unreasonable delay.

Again, it appears in the case at bar that appellant never gave any notice of appeal either to the board or to the appellant, and it has been held by an unbroken line of authorities that in order to effect an appeal in such a case notice of appeal must be given. In *State v. Board of Fire & Police Commissioners*, 76 Neb. 741, it was said: "An appeal from the decision of the board in granting a liquor license is taken by giving notice of the intended appeal, and procuring a transcript of the record of the proceedings before the board, and filing the same in the appellate court." In *Clark v. Foltyn*, 82 Neb. 610, it was held: "In an appeal by remonstrators from the decision of a licensing board granting a liquor license, jurisdiction is conferred upon the district court by giving notice of the intended appeal, and filing within a reasonable time in said court a transcript of the proceedings had upon the hearing before the licensing board." In *State v. Bonsfield*, 24 Neb. 517, it was said: "Where an application is made to the city council for a license to sell intoxicating liquors, to the issuance of which a remonstrance is filed, and upon a hearing a license is ordered to issue, it is the

40

duty of the council, upon notice of appeal being given, to withhold the license until the expiration of a sufficient time within which an appeal may be taken to the district court by the remonstrants." In fact, whenever this court has spoken on the question it has made it plain that, in order to effect an appeal from the decision of the licensing board, the remonstrators or protestants must immediately give notice of their intention to appeal, and without any unnecessary delay file a transcript of the proceedings in the district court.

It appearing in this case that no notice of appeal was given, and that there was an unreasonable, unnecessary and unexplained delay in filing the transcript in the district court for Douglas county, we are of opinion that the appeal was properly dismissed, and the judgment of the district court is, therefore,

AFFIRMED.